# United States Court of Appeals
### For The District of Columbia Circuit

_____

| | |
|---|---|
| No. 22-1300 | September Term, 2022 |
| | CPSC-87FR73144 |
| | Filed On: January 10, 2023 |

Window Covering Manufacturers Association,

      Petitioner

      v.

Consumer Product Safety Commission,

      Respondent

      **BEFORE:**    Henderson, Katsas, and Rao, Circuit Judges

## O R D E R

Upon consideration of the motion for stay pending review, which includes alternative requests for vacatur and remand and to expedite, the response thereto, and the reply, it is

**ORDERED** that the motion for stay be granted. Petitioner has satisfied the stringent requirements for a stay pending court review. See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2021). It is

**FURTHER ORDERED** that the following briefing schedule will apply in this case:

| | |
|---|---|
| Certified Index to the Record | January 13, 2023 |
| Petitioner's Brief | January 31, 2023 |
| Respondent's Brief | March 2, 2023 |
| Petitioner's Reply Brief | March 16, 2023 |
| Deferred Appendix and Final Briefs | March 23, 2023 |

The Clerk is directed to calendar this case for oral argument on the first appropriate date following the completion of briefing.

The parties will be informed later of the date of oral argument and the composition of the merits panel.

# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 22-1300**                                          **September Term, 2022**

The court reminds the parties that

In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . . When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

Petitioner should raise all issues and arguments in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 43 (2021); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover. See D.C. Cir. Rule 28(a)(8).

**Per Curiam**

                                              **FOR THE COURT:**
                                              Mark J. Langer, Clerk

                               BY:    /s/
                                              Laura M. Morgan
                                              Deputy Clerk